UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD KEARNEY,

                              Plaintiff,

      v.                                                        9:11-CV-1281
                                                                         (GTS/TWD)

N.Y.S.D.O.C.S., et al.,

                              Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

RICHARD KEARNEY
03-A-4948
Plaintiff, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. ERIC T. SCHNEIDERMAN          C. HARRIS DAGUE, ESQ.
New York State Attorney General            Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

    Plaintiff Richard Kearney commenced this action pro se and in forma pauperis by filing a complaint on October 27, 2011. Dkt. No. 1 ("Compl."). In his complaint, plaintiff alleged that, while he was incarcerated at Great Meadow Correctional Facility, the defendants denied him reasonable accommodations for his disabilities. *See generally* Compl. Currently

before the Court is plaintiff's motion for preliminary injunctive relief. Dkt. No. 21. For the reasons that follow, plaintiff's motion for preliminary injunctive relief is denied.

## II.  DISCUSSION

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (*quoting Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).

In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *No Spray Coalition, Inc. v. City of New York*, 252 F.3d 148, 150 (2d Cir. 2001) (per curiam); *Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992). When, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief he seeks, the injunction sought is properly characterized as mandatory rather than prohibitory and the movant must make a "clear" or "substantial" showing of the likelihood of success as well as irreparable harm if the court does not grant the injunctive relief. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31,

2008). Preliminary injunctive relief "'should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (*quoting Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The district court has wide discretion in determining whether to grant a preliminary injunction. *Moore*, 409 F.3d at 511. Moreover, "[i]n the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)).

"The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri*, 2008 WL 2944642, at * 2 (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113-14 (2d Cir. 2003)); *see also Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.") (internal quotations omitted). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, No. 9:07-CV-0724 (RFT), 2008 WL 2705371, at *2 (N.D.N.Y. Jul. 3, 2008) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages.").

In his motion, plaintiff alleges that on July 17, 2012, while he was incarcerated at Clinton Correctional Facility, Dr. Adams, who is not a party to this action, took away plaintiff's medically prescribed knee braces.  Dkt. No. 21.

Construing plaintiff's request for preliminary injunctive relief liberally, plaintiff may allege a violation of his constitutional right to receive adequate medical treatment.  Because an alleged violation of a constitutional right "triggers a finding of irreparable harm," the Court **will assume for purposes of this motion only** that plaintiff satisfies the requirement that a party applying for a preliminary injunction show irreparable harm.  *Jolly*, 76 F.3d at 482; *see also Statharos v. New York City Taxi and Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary.").  Despite finding that plaintiff alleges the possibility of irreparable harm, plaintiff's request for preliminary injunctive relief is nonetheless denied for the reasons discussed below.

### A.     Request for Injunctive Relief Against Defendant Karandy

"In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."  *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (citing *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam); *Young v. Coughlin*, 866 F.2d 567, 568 n.1 (2d Cir. 1989); *Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976)).  Insofar as plaintiff seeks preliminary injunctive relief against defendant Karandy, who is employed at Great Meadow Correctional Facility, because plaintiff is no longer incarcerated at Great Meadow, plaintiff's request for injunctive relief against

defendant Karandy is denied as moot.[1]  *See Salahuddin*, 467 F.3d at 272; *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002) ("a prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility").

### B. Request for Injunctive Relief Against the New York State Department of Corrections and Community Supervision

Plaintiff's request for injunctive relief is not moot against the New York State Department of Corrections and Community Supervision because it is a state-wide agency. *See Verley v. Wright*, No. 02 Civ. 1182, 2007 WL 2822199, at *9 (S.D.N.Y. Sep. 27, 2007). However, a party is not entitled to preliminary injunctive relief unless there is proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief.  *See Covino,* 967 F.2d at 77.  Plaintiff has failed to submit **proof or evidence** which meets this standard.  In support of his request for preliminary injunctive relief, plaintiff predominately relies upon his own letters outlining his request for preliminary injunctive relief and the reasons why he believes his request should be granted.  *See* Dkt. Nos. 21, 24, 26.  Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief.  *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

---

[1] *See* Dkt. No. 16 (plaintiff's notice of change of address to Coxsackie Correctional Facility effective March 12, 2012); Dkt. No. 19 (plaintiff's notice of change of address to Clinton Correctional Facility effective July 11, 2012); and Dkt. No. 30 (plaintiff's notice of change of address to Green Haven Correctional Facility effective October 10, 2012).

Apart from his own allegations, plaintiff has submitted a copy of his Clinton Correctional Facility grievance dated August 6, 2012, which sought return of his knee braces. Dkt. No. 26 at 8-9. That grievance was filed three days after he filed the present motion for preliminary injunctive relief. In response to the grievance, the Inmate Grievance Resolution Committee ("IGRC") found as follows:

> An investigation revealed that grievant is currently housed in the hospital. Due to grievant's current housing location he will not be given his medical devices back. As of 8/21/12 it is determined that grievant has his legal work.

*Id.* at 9. The response to this grievance is completely contrary to plaintiff's assertion that Dr. Adams took away plaintiff's braces for no valid reason. While the Court takes no position on either the truth of plaintiff's allegations, or the validity of the IGRC ruling, in light of the IGRC ruling, plaintiff has not carried his burden of persuasion to entitle him to the injunctive relief that he requests. *See Moore*, 409 F.3d at 510.

### C. Request for Injunctive Relief Against Dr. Adams

To the extent that plaintiff seeks to enjoin the actions of Dr. Adams, who is not a party to this action, the Court lacks subject matter jurisdiction to do so. *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); *Williams v. State University of New York*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) ("prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief"); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

**D.     Conclusion**

For all of the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 21) is **DENIED** in its entirety; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:     November 27, 2012
           Syracuse, NY

Hon. Glenn T. Suddaby
U.S. District Judge